Michael A. Guadagno, WSBA #34633
E-mail: michael.guadagno@bullivant.com
Jared F. Kiess, WSBA #54532
E-mail: jared.kiess@bullivant.com
BULLIVANT HOUSER BAILEY PC
925 Fourth Avenue, Suite 3800
Seattle, Washington 98104
Telephone: 206.292.8930
Facsimile: 206.386.5130

Attorneys for Plaintiff American Alternative Insurance Corporation

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT RICHLAND

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> WALLA WALLA SCHOOL DISTRICT NO. 140, a public corporation; HOPE GALLO, an individual; and SUSAN HENSLEY, an individual, <br><br> Defendant. | No.: <br><br> COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT |

Plaintiff American Alternative Insurance Corporation ("AAIC") brings this Complaint for Declaratory Judgment against defendants Walla Walla School District No. 140, Hope Gallo, and Susan Hensley.

**I. PARTIES**

1. Plaintiff AAIC is an insurance company organized under the laws of the state of Delaware with its principal place of business in Princeton, New Jersey.

2. Defendant Walla Walla School District No. 140 (the "District") is a public corporation organized under the laws of the State of Washington.

3. Defendant Hope Gallo is an individual residing in Walla Walla County, Washington.

4. Defendant Susan Hensley is an individual residing in Walla Walla County, Washington.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff is a citizen of different states than all defendants.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III. FACTS

**A. Background**

7. This action involves a dispute as to liability insurance coverage for underlying lawsuits filed against the District arising out of allegations of sexual abuse committed by a former teacher.

8. In 2008, two students of Pioneer Middle School reported to the District that music teacher Michael Jones had touched them inappropriately during class.

9. Defendant Hope Gallo was one of these students. Defendant Gallo stated that Jones had, among other things, "put his hand inside her clothing" and "poked her." The other student alleged that Jones would place her on his knee and "tickled" and "bounced" her on his knee while the class was watching movies.

10. The District had knowledge of the allegations against Jones in 2008.

11. The District conducted an internal investigation into the allegations against Jones in 2008.

12. The District referred the allegations to the Walla Walla Police Department, which also conducted an investigation.

13. During the course of the District's and the Walla Walla Police Department's investigations, two former students came forward and alleged that Jones had inappropriately touched them as well.

14. One of these former students, Tabitha Stark, reported to the District and Police that she had babysat for Jones in exchange for guitar/band lessons during the summers of 2002 and 2003.

15. Ms. Stark reported to the District and the Police that Jones had, in separate incidents during the summers of 2002 and 2003, "put her on his lap" and "tried to cuddle her," that he had tried to show her how to "loosen up" on stage by holding her against him, and at one point that he had grabbed her face and attempted to kiss her.

16. The other student, Kate Tucker, reported to the District and Police that at least two incidents had occurred during the 2004-2005 school year, one in which he picked her up and set her in a garbage can and another in which Jones would not allow her to exit the classroom until she gave him a hug.

**B.     The Insurance Application and Policies**

17. On October 23, 2018, the District submitted a "General Supplemental Application" for insurance (the "Application") to Glatfelter Public Practice, a Division of Glatfelter Insurance Group ("Glatfelter"), a true and correct copy of which is attached as Exhibit A.

18. Among other questions, the Application asked: "Does the entity have knowledge of any fact, circumstance or situation which it has reason to suppose might give rise to a claim or allegation of an abusive act?"

19. The District answered "no" to this question.

20. In reliance upon the Application, Glatfelter on behalf of AAIC issued Policy Number GPPA-PF-6057337-00/000 for the policy period incepting on September 1, 2019 and ending on September 1, 2020 (the "Policy"), a true and correct copy of which is attached as Exhibit B.

21. The Policy contains three potentially relevant coverage parts: (1) a General Liability Coverage Part, as modified by an Abuse or Molestation Coverage Form; (2) an Educators Legal Liability Coverage; and (3) a Commercial Excess Liability Coverage Part.

22. The General Liability Coverage Part contains General Liability Coverage Form CGL101 (12-17), which is modified by various endorsements, including Abuse or Molestation Liability Coverage endorsement no. CGL604 (06-17).

23. The Abuse or Molestation Coverage Form generally excludes coverage for any injury arising out of "abuse or molestation" under the General Liability Coverage Form. The Policy provides:

> **A. EXCLUSION – COVERAGES AND B**
>
> …
>
> **2.** The following exclusion is added to paragraphs **2. Exclusions** of **Coverage A – Bodily Injury and Property Damage Liability** and **Coverage B – Personal and Advertising Injury Liability** in **Section I – Coverages**:
>
> **Abuse or Molestation**
>
> This insurance does not apply to any injury arising out of:
>
> **a.** The actual, attempted or alleged "abuse or molestation" of any person by another person. This includes "sexual abuse";

      **b.** Any other acts, errors, omissions, "occurrences" or offenses that contribute to the acts described in **a.** above; or

      **c.** Any acts to which **Coverage – Abuse Or Molestation Liability** applies.

24.    The Abuse or Molestation Coverage Form then modifies the General Liability Coverage Part to provide coverage on a claims-made-and-reported basis for certain acts of "abuse or molestation" subject to specific terms, conditions, exclusions, and limitations. Among these are the requirements that "[t]he act of 'abuse or molestation' did not occur before the Retroactive Date … shown in the Declarations" and that the claim must be "first made against any insured … during the policy period or any applicable Extended Reporting Period." Specifically, the Abuse or Molestation Coverage Form provides:

> **B.** The following is added to **Section I – Coverages**
>    **1. Abuse or Molestation Liability**
>       **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of injury to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages for injury to which this insurance does not apply. …
>       **b.** This insurance applies to injury only if:
>         **(1)** The injury is caused by an act of "abuse or molestation" … ;
>         **(2)** The act of "abuse or molestation" did not occur before the Retroactive Date, if any, shown in the Declarations …;
>         **(3)** A claim because of the injury is first made against any insured, in accordance with Paragraph **c.** below, during the policy period or any applicable Extended Reporting Period we provide under this endorsement's Condition **5. Extended Reporting Period**; and
>         **(4)** We receive written notice of the claim no later than 60 days after the expiration of the policy period or no later than the expiration of any applicable Extended Reporting Period we provide.

25. The Abuse or Molestation Coverage Form contains a schedule that identifies the "Retroactive Date" of "09/01/2003."

26. The Abuse or Molestation Coverage Form further provides, in part, that all acts of abuse or molestation committed by the same person "will be treated as one act of 'abuse or molestation' and will be considered to have occurred on the date the first of those acts of 'abuse or molestation' or contributing acts occurred." Specifically, the Abuse or Molestation Coverage Form provides:

> **c.** A claim by a person or organization seeking damages will be deemed to have been made at the earlier of the following times:
> (1) When notice of such claim is received and recorded by any insured or by us, whichever comes first;
> (2) When we make "settlement"; or
> (3) When we receive written notice of an act of "abuse or molestation" which may reasonably give rise to a claim under this coverage.
> **d.** All claims arising from the same act of "abuse or molestation" in accordance with paragraph **f.** below will be deemed to have been made at the time the first of those claims is made in accordance with paragraph **c.** above.
> **e. Related Acts**
> All acts of "abuse or molestation", including any acts that contribute to "abuse or molestation", that
> (1) Are causally connected by common facts, circumstances, transactions, events and/or decisions; or
> (2) The same person commits or is a participant in committing, or multiple persons acting together commit or are participants in committing, regardless of the number of times the same person is abused or molested or the number of persons that are abused or molested by the same person(s);
> will be treated as one act of "abuse or molestation" and will be considered to have occurred on the date the first of those acts of "abuse or molestation" or contributing acts occurred. This provision applies regardless of the number of injured parties, persons or organizations making claims or acts of "abuse or molestation."

27. The Abuse or Molestation Coverage Form defines the relevant terms as follows:

### E. DEFINITIONS

1. For the purposes of the coverage provided under **B.1. Abuse or Molestation Liability** … **Coverage**, the following definitions are added to **Section V – Definitions**:

    a. "Abuse or Molestation" means actual, attempted or alleged abuse or molestation, including acts of bullying, of any person by another person. This includes "sexual abuse". "Abuse or molestation" does not include "sexual harassment".

    …

    d. "Discrimination" means violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition, or any other protected class or characteristic established by any federal, state or local statutes, rules or regulation.

28. The Abuse or Molestation Coverage Form also contains the following exclusions:

    **3. Exclusions applicable to Abuse or Molestation Liability**
    This insurance does not apply to:
    …
    b. **Knowledge of Prior Acts**
    Any claim or "suit" arising from a person's act of "abuse or molestation" that occurs after the Named Insured, its "executive officers", directors, trustees, partners or managers (if it is a limited liability corporation) or an "employee" authorized by you to give and receive notice of an act of "abuse or molestation" or claim has knowledge of any prior act of "abuse or molestation" committed by such person, whether that act of "abuse or molestation" occurred before or after such person was hired by you or became your responsibility.
    For the purposes of this exclusion:
    **(1)** Knowledge of an allegation of an act of "abuse or molestation" is not knowledge of an act of "abuse or molestation"; and
    **(2)** Related acts that occur after entities have the knowledge described above will not be considered to have occurred on the date of the first act.
    c. **Failure To Report Abuse Or Molestation**
    Any insured with knowledge of the act of "abuse or molestation" who intentionally fails to report such act to the proper authorities. Proper authorities may include those within your organization and any governmental, legal or regulatory bodies.
    …

    **q. Discrimination**
    "Abuse or molestation" arising out of "discrimination".

29. The Policy also contains an Educators Legal Liability Coverage Part, which generally provides coverage for damages arising out of a "wrongful act" or an "employment practices" offense subject to various terms, conditions, exclusions and limitations.

30. Among the exclusions applicable to the Educators Legal Liability Coverage Form are exclusions for "known prior acts" and "abuse or molestation":

> **SECTION II. EXCLUSIONS**
> This insurance does not apply under either Coverage A or Coverage B to:
> . . .
> **2. Known Prior Acts**
> Any "wrongful act" or offense which takes place prior to the inception date of this coverage part if the insured knew or reasonably should have foreseen that such offense or "wrongful act" would give rise to a "claim".
> . . .
> **4. Abuse or Molestation**
>   **a.** The actual, attempted or alleged "abuse or molestation" of any person by another person; or
>   **b.** The negligence:
>     1) Employment;
>     2) Investigation;
>     3) Supervision;
>     4) Reporting to the proper authorities, or failing to so report;
>     5) Retention; or
>     6) Any other acts, errors, omissions, or offenses of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by paragraph a. above.
> This exclusion does not apply to "abuse or molestation" arising out of "discrimination";

31. The Educators Legal Liability Coverage Form defines the relevant terms as follows:

> **SECTION VII – DEFINITIONS**
> **1.** "Abuse or molestation" means actual, attempted or alleged abuse or molestation, including acts of

bullying, of any person by another person. This includes "sexual abuse". "Abuse or molestation" does not include "sexual harassment".

...

15. "Employment practices" means an actual or alleged improper employment-related practice, policy, act or omission involving an actual, prospective, or former "volunteer worker" or "employee", including:
   a. Failing to hire or refusing to hire;
   b. Wrongful dismissal, discharge, or termination of employment or membership, whether actual or constructive;
   c. Wrongful deprivation of a career opportunity, or failure to promote;
   d. Wrongful discipline of "volunteer workers" or "employees";
   e. Negligent evaluation of "volunteer workers" or "employees";
   f. Retaliation against "volunteer workers" or "employees" for the exercise of any legally protected right or for engaging in any legally protected activity;
   g. Failure to adopt adequate workplace or employment-related policies and procedures;
   h. Harassment, including "sexual harassment"; or
   i. Violation of any federal, state or local laws (whether common law or statutory) concerning employment or "discrimination" in employment.

...

29. "Sexual harassment" means any actual, attempted, or alleged unwelcome sexual advances, requests for sexual favors, or other conduct of a sexual nature by a person, or by persons acting in concert, which causes injury, but only when
   a. Submission to or rejection of such conduct is made either explicitly or implicitly a condition of a person's employment, or a basis for employment decisions affecting the person; or
   b. Such conduct has the purpose or effect of interfering with a person's work performance or creating an intimidating, hostile or offensive work environment.

...

34. "Wrongful act" means any actual or alleged error, act, omission, neglect, misfeasance, nonfeasance, or breach of duty, including violation of any civil rights law, by any insured in discharge of their duties to perform "educational services" individually or collectively that results directly but unexpectedly and unintentionally in damages to others. A "wrongful act" does not include an "employment practices" offense.

32. The Policy also contains a Commercial Excess Liability Coverage Part. The Excess Liability Coverage Part states that the coverage it provides "will follow the same provisions, exclusions and limitations that are contained in the applicable 'controlling underlying insurance'" and "will not be broader than that provided by the applicable 'controlling underlying insurance.'"

33. The insuring agreement Commercial Excess Liability Coverage Part further provides:

> 1. Insuring Agreement
>    a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "injury or damage" to which insurance provided under this Coverage Part applies.
>    We will have the right and duty to defend the insured against any suit seeking damages for such "injury or damage" when the applicable limits of "controlling underlying insurance" have been exhausted in accordance with the provisions of such "controlling underlying insurance".
>    b. This insurance applies to "injury or damage" that is subject to an applicable "retained limit". If any other limit, such as, a sublimit, is specified in the "controlling underlying insurance", this insurance does not apply to "injury or damage" arising out of that exposure unless that limit is specified in the Declarations under the Schedule of "controlling underlying insurance".

34. The Commercial Excess Liability Coverage Part identifies both the General Liability and Abuse or Molestation Liability Coverage Parts in the "Schedule of Controlling Underlying Insurance."

35. The Commercial Excess Liability Coverage Part is subject to the following endorsement:

WASHINGTON CHANGES – DEFENSE COSTS

This endorsement modifies insurance provided under the following:

COMMERCIAL EXCESS LIABILITY COVERAGE PART

The following is added to Paragraph 1.a Insuring Agreement of Section I – Coverages and applies to any other provision in the policy that sets forth a duty to defend:

If we initially defend an insured or pay for an insured's defense but later determine that none of the claims, for which we provided a defense or defense costs, are covered under this insurance, we have the right to reimbursement for the defense costs we have incurred.

The right to reimbursement under this provision will only apply to the costs we have incurred after we notify you in writing that there may not be coverage and that we are reserving our rights to terminate the defense or the payment of defense costs and to seek reimbursement for defense costs

### C. The Underlying Actions and Insurance Claim

36. On November 16, 2020, a plaintiff identified by the initials A.W., acting through her mother, H.W., filed suit against the District in *H.W. v. Walla Walla District No. 140, et al.*, Washington State Superior Court, Walla Walla County Case No. 20-2-00585-2 (the "H.W. Lawsuit"). A true and correct copy of the complaint (the "H.W. Complaint") in that lawsuit is attached as Exhibit C.

37. In the H.W. Complaint, H.W. alleged that Jones sexually harassed and abused her between 2015 and 2016. The Complaint asserted causes of action against the District for negligence in failing to supervise Jones and failing to adequately protect H.W. from harm. It also alleged a claim for violation of Washington's Law Against Discrimination ("WLAD").

38. The District tendered the H.W. Complaint to AAIC for defense and indemnity coverage under the Policy.

39. AAIC acknowledged the claim and agreed to provide a defense subject to a reservation of rights. In letters dated February 12, 2021 and October 14, 2021, true and correct copies of which are attached as Exhibits D and E, AAIC informed the District that it was agreeing to provide a defense, but that AAIC was doing so under a full reservation of rights because it believed the Policy language set forth above precluded coverage.

40. Upon the District's request, AAIC subsequently issued a payment on the District's behalf in exchange for the dismissal with prejudice of all claims alleged in the H.W. Lawsuit.

41. On November 16, 2021, Defendant Hope Gallo and her mother Susan Hensley filed suit against the District in *H.G., et al. v. Walla Walla District No. 140, et al.*, Washington State Superior Court, Walla Walla County Case No. 21-2-00512-36 (the "Gallo Lawsuit"). A true and correct copy of the Complaint in the Gallo Lawsuit (the "Gallo Complaint") is attached hereto as Exhibit F.

42. In the Gallo Complaint, Ms. Gallo alleged that Jones sexually harassed and abused her between 2006 and 2008. The Complaint asserted causes of action against the District for negligence in failing to supervise Jones and failing to adequately protect Gallo from harm. It also alleged a claim for violation of WLAD.

43. The District tendered the Gallo Complaint to AAIC for defense and indemnity coverage under the Policy.

44. AAIC acknowledged the claim and agreed to provide a defense subject to a reservation of rights. In letters dated November 24, 2021 and March 4, 2022, true and correct copies of which are attached as Exhibits G and H, AAIC informed the District that it was agreeing to provide a defense, but that AAIC was doing so under a full reservation of rights because it believed the Policy language set forth above precluded coverage. In addition, AAIC reserved the right to rescind the Policy

to the extent the District's representations on the Application were not truthful.

45. Based on AAIC's investigation and the reports of other students regarding inappropriate physical conduct by Mr. Jones, these students or others may file suit against the District for injuries arising out of acts of abuse or molestation allegedly committed by Jones. Collectively, this Complaint refers to the H.W. Lawsuit, the Gallo Lawsuit, and any future claims or lawsuits against the District arising out of acts of abuse or molestation committed by Mr. Jones as the "Sexual Abuse Claims."

46. An actual and justiciable controversy exists between AAIC and the District regarding coverage under the Policy for the Sexual Abuse Claims.

## IV. COUNT I

### Rescission

47. In requesting coverage for acts of "abuse or molestation," the District represented to AAIC that it did not have knowledge of any fact, circumstance or situation which it has reason to suppose might give rise to a claim or allegation of an abusive act.

48. That representation was false because the District knew, or reasonably should have known, at the time it completed the Application, that at least four students had reported having experienced acts of abuse or molestation by Jones to the District.

49. AAIC relied upon the District's representations on the Application in determining whether and under what conditions it would issue a policy of liability insurance to the District.

50. The District's representation was material. If the District had provided accurate answers on the Application, AAIC either would not have issued a Policy containing the Abuse or Molestation Coverage Form or would have done so only in

exchange for a significantly higher premium.

51. As a result of the District's misrepresentation, AAIC is entitled to rescind the Policy and obtain all relief available under the doctrine of rescission, including, but not limited to, an award of an amount equal to any and all settlement payments issued by AAIC to resolve the Sexual Abuse Claims and all costs incurred to defend the District with respect to the Sexual Abuse Claims.

## V. COUNT II

### Declaratory Judgment – General Liability Coverage Part

52. Pursuant to the express terms, conditions, exclusions, and limitations of the Policy, there is no liability coverage available to the District under the General Liability Coverage Part for the Sexual Abuse Claims.

53. The General Liability Coverage Form, as amended by the Abuse or Molestation Liability Coverage Form, excludes coverage for any injury arising out of: (a) the actual, attempted or alleged abuse or molestation; (b) any other acts, errors, omissions, occurrences, or offenses that contribute to such actual, attempted or alleged abuse or molestation; or (c) any acts to which the Abuse or Molestation Coverage Part applies. This exclusion operates to completely preclude any and all coverage for the Sexual Abuse Claims under the General Liability Coverage Form.

54. There is also no coverage under the Abuse or Molestation Coverage Form. Subject to its terms, conditions, exclusions, and limitations, the Abuse or Molestation Liability Coverage Form modifies the General Liability Coverage Form to provide certain coverage for injury caused by an act of "abuse or molestation" that did not occur before the Retroactive Date of September 1, 2003. The Policy provides that all acts of "abuse or molestation" committed by the same person "will be treated as one act of 'abuse or molestation' and will be considered to have occurred on the date the first of those acts of 'abuse or molestation' or contributing

acts occurred." The Policy defines "abuse or molestation" to include "actual, attempted or alleged" abuse or molestation. All of the Sexual Abuse Claims involve acts committed by Jones. The first act or abuse or molestation by Jones is alleged to have occurred in the summer of 2002 and 2003. The Sexual Abuse Claims therefore each arise out of "abuse or molestation" that is deemed to have occurred prior to the Policy's retroactive date of September 1, 2003. Accordingly, the Sexual Abuse Claims do not come within the coverage afforded by the Abuse or Molestation Coverage Form.

55. The Abuse or Molestation Coverage Form further applies only if the claim because of the injury is "first made … during the policy period or any applicable Extended Reporting Period…." The Policy provides that all claims arising from the same act of "abuse or molestation" will be deemed to have been made at the time the first of those claims is made. To the extent any claim was made to the District regarding the acts of "abuse or molestation" committed by Jones prior to the effective date of the Policy, no coverage is available under the Abuse or Molestation Coverage Form for the Sexual Abuse Claims.

56. The Abuse or Molestation Liability Coverage Form contains exclusion b. Knowledge of Prior Acts, which excludes coverage for any claim or "suit" arising from a person's acts of "abuse or molestation" that occurs after the insured has knowledge of any prior act of "abuse or molestation" committed by such person. However, knowledge of an allegation of an act of "abuse or molestation" is not knowledge of an act of "abuse or molestation" for purposes of this exclusion. To the extent the District had knowledge of any prior act of "abuse or molestation" committed by Jones, exclusion b. operates to preclude coverage for the Sexual Abuse Claims.

57. The Abuse or Molestation Liability Coverage Form also contains exclusion c. Failure to Report Abuse or Molestation, which excludes coverage if any insured with knowledge of the act of "abuse or molestation" intentionally fails to report such act to the proper authorities. Proper authorities may include those within your organization and any governmental, legal or regulatory bodies. To the extent the District failed to report acts of "abuse or molestation" committed by Jones, exclusion c. operates to preclude coverage for the Sexual Abuse Claims.

58. The Abuse or Molestation Liability Coverage Form also contains exclusion q. Discrimination, which excludes coverage for any "abuse or molestation" arising out of "discrimination." "Discrimination" means "violation of a person's civil rights with respect to such person's race, color, national origin, religion, gender, marital status, age, sexual orientation or preference, physical or mental condition, or any other protected class or characteristic established by any federal, state or local statutes, rules or regulation." To the extent such lawsuits allege that the District discriminated against any plaintiff on the basis of gender, disability, or other protected characteristic, exclusion q. operates to preclude coverage for the Sexual Abuse Claims.

59. As a result, AAIC has no duty to provide defense or indemnity coverage under the Abuse or Molestation Liability Coverage Part with respect to the Sexual Abuse Claims.

## VI. COUNT III

**Declaratory Judgment – Educators Legal Liability Coverage Part**

60. Pursuant to the express terms, conditions, exclusions, and limitations of the Policy, there is no liability coverage available to the District under the Educators Legal Liability Coverage Part for the Sexual Abuse Claims.

61. The Educators Legal Liability Coverage Form provides coverage for, in relevant part, a "wrongful act" or "employment practices" offense that occurs on or after the retroactive date and which is reported during the policy period or any extended reporting period. All "claims" based on or arising out of the same or related "wrongful acts" or offenses by one or more insureds shall be considered first made when the first of such "claims" is made. Moreover, related "wrongful acts" or offenses shall include "wrongful acts" or offenses which are the same, related or continuous, or which arise from a common nucleus of facts. To the extent a claim was made against the District relating to allegations of sexual abuse by Mr. Jones prior to the policy period, the ELL Coverage Form does not apply.

62. The Educators Legal Liability Coverage Form contains exclusion 2. Known Prior Acts, which excludes coverage for any "wrongful act" or offense which takes place prior to the inception date of this coverage part if the insured knew or reasonably should have foreseen that such offense or "wrongful act" would give rise to a "claim." To the extent the District had, prior to the policy period, knowledge of or a basis to reasonably believe that any wrongful act or offense alleged in the Sexual Abuse Claims would occur, Exclusion 2 precludes coverage.

63. The Educators Legal Liability Coverage Form contains exclusion 4. Abuse or Molestation, which excludes coverage for "abuse or molestation" of any person, or the negligent employment, investigation, supervision, reporting to the proper authorities, or failure to so report, or retention of a person whom any insured is or ever was legally responsible for and whose conduct would be excluded by subsection a of the exclusion. Since the Sexual Abuse Claims all seek recovery for acts of "abuse or molestation," Exclusion 4 applies to preclude coverage under the Educators Legal Liability Coverage Part for the Sexual Abuse Claims.

64. As a result, AAIC has no duty to provide defense or indemnity coverage under the Educators Legal Liability Coverage Part with respect to the Sexual Abuse Claims.

## VII. COUNT IV

### Declaratory Judgment – Commercial Excess Liability Coverage Part

65. Pursuant to the express terms, conditions, exclusions, and limitations of the Policy, there is no liability coverage available to the District under the Commercial Excess Liability Coverage Part with respect to the Sexual Abuse Claims.

66. The Commercial Excess Liability Coverage Part applies only "when the applicable limits of 'controlling underlying insurance' have been exhausted." The applicable limits of the controlling underlying insurance have not been exhausted. Therefore, AAIC has no coverage obligations with respect to the Commercial Excess Liability Coverage Part.

67. To the extent the limits of the controlling underlying insurance could become exhausted, coverage under the Commercial Excess Liability Coverage Part follows the coverage afforded by the General Liability, Abuse or Molestation, and Educators Legal Liability Coverage Parts. Because, for the reasons set forth above, none of those coverage parts afford coverage for the Sexual Abuse Claims, the Excess Liability Coverage Part likewise does not afford coverage for the Sexual Abuse Claims.

68. As a result, AAIC has no duty to provide defense or indemnity coverage under the Commercial Excess Liability Coverage Part with respect to the Sexual Abuse Claims.

69. To the extent AAIC issued any payments for defense costs under the Commercial Excess Liability Coverage Part, AAIC would be entitled to recoup such

defense costs pursuant to the Policy's defense cost endorsement.

## VIII. PRAYER FOR RELIEF

WHEREFORE, AAIC prays for judgment in its favor and against Defendants as follows:

A. An order rescinding the Policy and awarding AAIC all relief to which it is entitled under the doctrine of rescission, including, but not limited to, an award of an amount equal to any and all settlement payments issued by AAIC to resolve the Sexual Abuse Claims and defense costs incurred to defend the Sexual Abuse Claims.

B. Declaratory relief pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201, that AAIC has no duty to provide defense or indemnity coverage under the Policy with respect to the Sexual Abuse Claims; and

C. Such other and further relief as the Court deems just and appropriate.

DATED: March 4, 2022

BULLIVANT HOUSER BAILEY PC


By */s/ Michael A. Guadagno*
Michael A. Guadagno, WSBA #34633
E-mail: michael.guadagno@bullivant.com


By */s/ Jared F. Kiess*
Jared F. Kiess, WSBA #54532
E-mail: jared.kiess@bullivant.com

Attorneys for Plaintiff American Alternative Insurance Company

4858-3769-6786.1