FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>WALLA WALLA SCHOOL DISTRICT NO. 140, a public corporation,<br><br>    Defendant. | No. 4:22-CV-05031-SAB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF IFCA CLAIM** |

    Before the Court is Plaintiff's Motion for Dismissal of IFCA Claim, ECF No. 20. The motion was heard without oral argument. Plaintiff is represented by Jared Kiess and Michael Guadagno. Defendant is represented by Alison Turnbull, Luke O'Bannan, and Todd Startzel.

    Plaintiff brought this action on March 4, 2022, seeking to rescind an Insurance Policy that it issued to Defendant and to obtain repayment of settlement payments issued by it to resolve underlying Sexual Abuse Claims asserted against Defendant, and well as declaratory judgments regarding general liability coverage, the educators legal liability coverage, and the commercial excess liability coverage of the Policy. Plaintiff is seeking declaratory relief that it had no duty to provide a defense or indemnity coverage under the Policy with respect to the underlying Sexual Abuse Claims.

**ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF IFCA CLAIM ~ 1**

In its Amended Answer, Defendant asserted five counterclaims, including claims for breach of contract, bad faith, negligence, violation of the Washington Insurance Fair Conduct Act (IFCA), and violation of the Washington Consumer Protection Act (CPA). With respect to the IFCA claim, Defendant asserts that Plaintiff violated specific provision from the Washington Administrative Code, and also asserts that Plaintiff unreasonably denied coverage or payment of benefits.

Plaintiff now moves to dismiss Defendant's IFCA counterclaim.

## Motion Standard

The Court must dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (1955)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations "may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When evaluating a Rule 12(b)(6) Motion to Dismiss, the Court must take all material allegations as true and construe the complaint in the light most favorable to the non-moving party. *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The Court, however, is not required to accept any conclusory allegations or unreasonable inferences made in the Complaint as true. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

## Applicable Law

The purpose of the Washington Insurance Fairness Conduct Act is to protect insureds by creating a "remedy for insureds harmed by the unreasonable delay in payment of valid insurance claims and by encouraging insurers to honor their

**ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF IFCA CLAIM ~ 2**

commitments by making it illegal to unreasonably delay or deny legitimate claims." *Beasley v. GEICO General Ins. Co.*, 23 Wash. App. 641, 664 (2022).

Washington courts have ruled that an IFCA claim cannot be based solely on a violation of an insurance regulation. *Id.* (citing *Perez-Crisantos v. State Farm Fire and Cas. Co.*, 187 Wash.2d 669, 678 (2017)). Rather, there are two separate acts that give rise to an IFCA claim: (1) where the insurer unreasonably denied a claim for coverage; or (2) where the insurer unreasonably denied payments. *Perez-Crisantos*, 187 Wash.2d at 482-83.

**Analysis**

The Court has not found any case law that addresses this particular issue, namely, whether an alleged unreasonable demand for repayment by an insurance company is substantially equivalent to an alleged unreasonable denial of coverage or unreasonable denial payment of benefits, and if so, whether that conduct is prohibited by the IFCA. Although not directly on point, in *Naxos, LLC v. Am. Family Ins. Co.*, Judge Robart did not limit the IFCA claim to only an unreasonable denial of coverage. 2020 WL 777260 *23 (W.D. Wash. 2020). In that case, the IFCA claim centered around whether the insurer's handling of the insured's insurance claim was so deficient that it rose to the level of an "unreasonable denial of payment of benefits." *Id.* Judge Robart held that it was a matter for the jury to resolve at trial. *Id.*

Plaintiff characterizes its lawsuit as an *attempt* to deny coverage, but an attempt that will only come to fruition after the Court determines that it has a legal right to do so (emphasis in the original). And if this happens, the denial would be a reasonable one and therefore not a violation of the IFCA. On the other hand, if the Court determines that it did not have a legal right to do so, what happens then? It follows, using Plaintiff's reasoning, that the lawsuit would still be an attempt to deny coverage, but in this situation, it would be an unreasonable one, which presumably would be a violation of the IFCA.

**ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF IFCA CLAIM ~ 3**

Defendant asserts that Plaintiff unreasonably denied a claim for coverage or payment of benefits owed it. It alleges that Plaintiff chose to delay addressing whether there was coverage in this action until after it had settled the action and that Plaintiff unreasonably delayed its coverage decision in controlling the appointment of defense counsel, defense strategy, and settlement of claims against Plaintiff while failing to provide information regarding coverage or put Defendant on notice of its intent to hold it liable for Plaintiff's decisions.

The Court finds that these allegations are sufficient to allege a claim under the IFCA for purposes of Fed. R. Civ. P. 12(b)(6). As such, Defendant's Motion for Dismissal of IFCA Claim is denied.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Dismissal of IFCA Claim, ECF No. 20, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 22nd day of February 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL OF IFCA CLAIM ~ 4**